Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
5023 Parkway Calabasas
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com

Attorneys for Plaintiff, Tianna Ashton and the proposed class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANNA ASHTON, an individual California resident, on behalf of herself individually and the proposed class<br><br>Plaintiff<br><br>v.<br><br>UNIVERSAL CITY STUDIOS, LLC, a Delaware corporation, NBC UNIVERSAL, INC., a Delaware corporation, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE SEATING (WAGE ORDER 2-2001)**<br>2. **FAILURE TO PROVIDE REST BREAKS**<br>3. **FAILURE TO PROVIDE MEAL BREAKS**<br>4. **BUSINESS AND PROFESSIONS CODE § 17200**<br>5. **VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**<br>6. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tianna Ashton, (hereinafter "Plaintiff") on behalf of herself and the proposed class, brings the following causes of action against Defendants.

## I.   THE PARTIES

### A.   The Plaintiff

1. Plaintiff Tianna Ashton ("Plaintiff") is a California resident. At all relevant times herein, Plaintiff was employed by Defendants Universal City Studios, LLC as an admission host at "Universal Studios Hollywood" in Universal City, California.

### B.   The Defendants

2. Defendants, Universal City Studios, LLC, a Delaware corporation, and NBC Universal, Inc., a Delaware corporation ("Defendants") are located and do business in Universal City, California, as "Universal Studios Hollywood". Defendants regularly and systematically do business in Los Angeles County.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

## II.   GENERAL ALLEGATIONS

4. Plaintiff worked as a non-exempt admissions host for Defendants from May 2018 to August 31, 2018. Plaintiff and other similar employees at Universal City Studios, in similar hourly positions, such as hosts, customer

service and cashiers, are not and were not provided legal seating while working for Defendant, under Wage Order 2-2001.

5. Plaintiff also alleges she and the proposed class were not provided rest periods under Labor Code section 226.7.

6. In early June 2018, Plaintiff requested seating accommodation while performing her duties for Defendants.

7. In June and July of 2018, Plaintiff made numerous additional requests for seating to her Universal Studios Hollywood supervisors.

8. Between June 2018 and August 2018, Plaintiff asked her supervisor, Jennifer Dempsey, for seating at work.

9. Plaintiff also alleges she and the proposed class did not receive and were otherwise prevented from taking lawful or reasonable meal and rest breaks.

10. On August 31, 2018, Plaintiff resigned from her employment with Defendant because of her back and foot pain.

11. On September 19, 2018, Plaintiff filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA).

### III.   CLASS DEFINITION AND ALLEGATION

12. Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in California who worked for Defendants as hourly, non-exempt admissions hosts, admissions staff, customer service and cashier employees at the Universal Studios Hollywood in Universal City, California within the last 4 years.**

13. Plaintiff reserves the right to amend this class definition.

### IV.   CLASS ALLEGATIONS

14. *Numerosity.* The members of the proposed class are so numerous that

their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiffs. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

15.  ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether Plaintiffs and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendants owe Plaintiffs and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a) whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiffs and the proposed class pursuant to Wage Order No. 2-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(b) whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(c) whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices,

procedures and conduct referred to in this cause of action;

(d) whether Plaintiffs and the proposed class are entitled to injunctive relief.

16. **_Typicality._** Plaintiffs' claims are typical of the claims of the proposed class.

17. **_Adequacy of Representation._** Plaintiffs will fairly and adequately protect the interests of the members of the proposed class. Plaintiffs have retained counsel experienced in complex consumer class action litigation. Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

18. **_Superiority._** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

19. Unless a class action is certified here, Defendants will retain monies

received as a result of its conduct that was taken from Plaintiffs and proposed class members. Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

### III.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE SEATING

20.   Plaintiff re alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

21.   Plaintiff alleges Defendants' failure and refusal to provide Plaintiff and the class she seeks to represent with proper seating violated California Industrial Welfare Commission (IWC) Wage Order 2-2001, paragraph 14, requiring reasonable seating.

**41.**   Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

### SECOND CAUSE OF ACTION

**Failure to Provide Rest Breaks**
**(Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

42.   Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

43.   By failing to provide rest periods as mandated under California law

to Plaintiff and the proposed class, Defendant willfully violated the provisions of Labor Code section 226.7.

44. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS

45. Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

46. Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

> i. No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

47. Similarly, Labor Code § 226.7 requires payment of one (1) hour or

pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law. Therefore Plaintiffs and the class they seek to represent are entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

48. Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class they seek to represent to wok during meal periods mandated by the applicable orders of the Industrial Welfare Commission. Therefore Plaintiffs and the class they seek to represent are entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

49. On information and belief, Plaintiffs allege that class members did not voluntarily or willfully waive rest and/ or meal periods and were regularly required to work through rest and meal periods. Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods. As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and any written waivers were obtained without full disclosure and are thus involuntary and without consent.

50. Plaintiffs allege Defendants are liable to Plaintiffs and the class they seek to represent for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## BUSINESS AND PROFESSIONS CODE § 17200

51. Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiffs bring this action on behalf of each and all members of the general public, including class members and Plaintiffs themselves, pursuant to Business and Professions Code sections 17200 et seq. Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 et seq. ("UCL"). Defendant engaged in unfair competition in violation of the UCL by violating California labor law regarding providing seating and providing rest breaks.

53. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition. The harm to Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies

or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

54. The unlawful and unfair business practices and acts of Defendants, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

55. Pursuant to Business and Professions Code sections 17200 et seq. for the statute of limitations period covered by this cause of action, Plaintiffs and the class they seek to represent are entitled to restitution for, at least, the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

56. Plaintiffs and the class they seek to represent and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

57. Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. The Plaintiffs, on behalf of themselves and Class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

58. WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

## FIFTH CAUSE OF ACTION

**VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 LABOR CODE § 2698 ET SEQ.**

41. Plaintiff re alleges and incorporates by this reference each of the foregoing paragraph as if set forth herein.

42. As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, 2802, and Wage Order 2-2001.

43. For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

    a. For $100 for the initial violation per pay period.

    b. For $200 for each subsequent violation per pay period. These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

44. Plaintiff filed a PAGA complaint online with the LDWA on or about September 19, 2018, and served Defendants by certified mail as prescribed by the

Labor Code. Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

45. Defendants have violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 and Wage Order 2-2001 as it pertains to Plaintiff.

## SIXTH CAUSE OF ACTION

## INJUNCTION

59. Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

60. Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein.

61. Defendant's practices caused Plaintiff to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendant.

62. Plaintiff seeks to enjoin Defendant from continuing their ongoing wage and hour violations at Defendant's business.

63. Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## IV. PRAYER FOR RELIEF

Plaintiff prays as follows:

1. For general and special damages according to proof at trial;
2. For exemplary damages and punitive damages according to proof at trial;
3. For other such relief as the court may deem necessary;
4. All appropriate statutory penalties and damages;
5. Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statue or other law;
6. Prejudgment Interest; and
7. Any other relief this court deems proper.

DATED: March 9, 2019         HAMNER LAW OFFICES, APLC

By: _____CHRISTOPHER J. HAMNER_____
Attorney for Plaintiff Tianna Ashton and the proposed class

<em>PROOF OF SERVICE</em>